————o————

No. 6210.

## AMELIA HAMMOND, WIFE OF ARTHUR MEYRAN, vs. METROPOLITAN LIFE INSURANCE COMPANY.

### Syllabus.

Involves only issues of fact.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 105,430. Honorable F. D. King, Judge.

James O'Connor, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a suit upon two insurance policies upon the life of Margaret Meyran, the minor daughter of plaintiff, the one for $125, issued February 22nd, 1909, the other for $224, issued May 20th, 1912.

The assured died April 20th, 1913, of pulmonary tuberculosis.

Both policies contain amongst others these two clauses:

(1) That the policy should be void if before the date thereof the assured had any pulmonary disease. (2) That after two years the policy should be incontestable except for fraud.

Fraud is not to be presumed, and our examination of the record fails to convince us that the assured or the beneficiary had any knowledge that the former had pulmonary tuberculosis, even up to the time of her death. The first policy is therefore incontestable under the above quoted clause, No. 2.

The last policy, however, is void under the above quoted clause No. 1, unless the company's agent "knew or might have ascertained with reasonable diligence the true condition of the applicant's health," as that policy appears to have been issued "without a medical examination of the assured by a physician." Act 97 of 1908.

— 83 —

But there is nothing in this record which shows that the agent had any means of ascertaining the true condition of the assured except from the statements of the assured herself and of the beneficiary, by whom the application was made. As they themselves were not aware of that condition the agent was not in a position to ascertain it for himself. The second policy is therefore void under its terms.

. It is therefore ordered that the judgment appealed from be amended by reducing the amount allowed plaintiff from $349 to one hundred and twenty-five dollars, $125, with interest and costs as stated therein; and that as thus amended the judgment be affirmed at the cost of the appellee.

Judgment affirmed.

Opinion and decree, November 23rd, 1914.

Rehearing refused, December 21, 1914.

Writ granted, February 25, 1915.
    **(137 La., 137.)**